IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TOBY W. BROWN, § | |
| SO 84068, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00096-M-BP |
| § | |
| KATHRYN CROWE, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Toby W. Brown's Motion Seeking Emergency Relief (ECF No. 56), filed February 23, 2018, which the Court construes as a Motion for Injunctive Relief; Plaintiff's Answers to the Court's Questionnaire (ECF No. 64), filed March 15, 2018; and Defendants' Response to Plaintiff's Motion Seeking Emergency Relief (ECF No. 74), filed March 29, 2018. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DENY** Plaintiff's Motion Seeking Emergency Relief.

**BACKGROUND**

Plaintiff is an inmate confined in the Wichita County Jail in Wichita Falls, Texas. ECF No. 1 at 1. He filed his original complaint against Defendants for violation of his civil rights under 42 U.S.C. § 1983 on July 6, 2017. The Defendants are Southwest Correctional Medical Group ("SCMG"), an entity that manages the provision of healthcare at the Wichita County Jail, and several nurses employed or formerly employed by SCMG (the "Nurse Defendants").

On February 23, 2018, Plaintiff filed a Motion Seeking Emergency Relief (the "Motion"),

along with an amended complaint. In his Motion, Plaintiff requested injunctive relief to require the Wichita County Sheriff's Department to send him for a surgical evaluation with a neurologist, "to take him out of constant pain," and to stop cruel and unusual punishment. ECF No. 58 at 3. Plaintiff states that he was seen by physician Jessica L. Schultz ("Dr. Schulz") at the Neurology Center of Wichita Falls on August 1, 2017. *Id.* at 1; ECF No. 37 at 2. She found that he had a history of lumbar spine surgery secondary to fracture with recent reinjuries, constant low back pain, and hip pain. ECF No. 58 at 1; ECF No. 37 at 2. Her recommended treatment was to "[c]onsider surgical evaluation." ECF No. 58 at 2; ECF No. 37 at 3.

On March 8, 2018, the Court sent a questionnaire to Plaintiff for clarification and additional information concerning his Motion. ECF No. 60. In his verified Answers to the Court's Questionnaire (the "Answers"), Plaintiff additionally averred that he has not been able to walk for two years and has received no treatment since he was seen by Dr. Schulz. ECF No. 64.

Defendants filed their Response to the Motion on March 29, 2018. ECF No. 74. Defendants contend that Plaintiff has not carried his burden to prove entitlement to injunctive relief. *Id.* at 3–6. Defendants attached to their Response the affidavit of Greg Belz ("Belz"), a registered nurse employed by SCMG, who summarized Plaintiff's medical treatment while under Defendants' care. *Id.*, Exhibit A.

## LEGAL STANDARDS

To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). The party seeking injunctive relief must clearly establish all of the four elements in

order to obtain relief. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* In particular, indigent prisoners are often hampered in their access to sources of proof. *See Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir. 1980) (reversing a grant of summary judgment).

## ANALYSIS

Plaintiff has not met his burden of establishing the requirements for a preliminary injunction. In particular, he has not shown a substantial likelihood of success on the merits, a substantial threat of irreparable harm if the injunction is not granted, or that the injunction will not disserve the public interest.

**I. Plaintiff has not shown that he is likely to succeed on the merits at this time, because he has not proven that Defendants ignored his complaints or refused to give him recommended treatment.**

In order to satisfy the first requirement for a preliminary injunction, Plaintiff must show a substantial likelihood that he can prove that Defendants acted with deliberate indifference to his medical needs. *Kennedy v. Potter*, 344 Fed. App'x 987, 989 (5th Cir. 2009). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment because its prohibition against cruel and unusual punishment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). Deliberate indifference to medical needs only amounts to an Eighth

3

Amendment violation if the prisoner's needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–104). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

To prove an Eighth Amendment violation, a prisoner must (1) "prove objective exposure to a substantial risk of serious harm" and (2) "show that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert*, 463 F.3d at 345–46. Under the second, subjective prong, "a prison official acts with deliberate indifference 'only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 346 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

"Deliberate indifference is an extremely high standard to meet. . . . [T]he plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

Plaintiff has not shown that he is likely to succeed on the merits. He relies entirely on his submitted evidence from Dr. Schultz, whose recommended treatment was to "[C]onsider surgical evaluation." ECF No. 37 at 3. Dr. Schultz did not, however, actually recommend surgical evaluation, only that it be considered, and did not order treatment of any kind. Plaintiff has thus

not provided evidence of a serious medical need, that is, one for which treatment has been recommended. *Gobert*, 463 F.3d at 345 n.12.

In addition, Defendants have provided contrary evidence that shows that they have not acted with deliberate indifference toward Plaintiff. Belz's affidavit states that Plaintiff has undergone multiple x-rays, an MRI, an electromyelogram, and nerve conduction studies. ECF No. 74, Exhibit A at 2–4. Dr. Schultz conducted the electromyelogram and nerve conduction studies. *Id.* at 3. After Dr. Schultz recommended that a surgical evaluation be considered, nursing staff at the jail provided Dr. Schultz's test results to consulting physician Dr. Sujai Nath ("Dr. Nath"), who concluded that no further diagnostic studies were needed because Plaintiff had undergone an MRI as well as the electromyelogram and nerve conduction studies. *Id.* Dr. Nath suggested referral to a pain specialist. *Id.* Plaintiff's treating physician at the jail, Dr. Brandon Ohman ("Dr. Ohman"), reviewed Dr. Nath's consult note and referral, but Dr. Ohman determined that additional treatment as suggested by Dr. Nath was not necessary. *Id.* According to Belz, Plaintiff has been provided medications, training in pain-alleviation exercises, and assistive devices—including a wheelchair, a rolling walker, and a leg brace—for his condition. *Id.* at 3–4. Plaintiff's own sworn evidence agrees that he has received a shower chair, back brace, leg brace, wheelchair, and walker. ECF No. 11.

In addition, Defendant argues that the Nurse Defendants do not have the authority to prescribe the treatment that Plaintiff seeks. ECF No. 74 at 4. Belz's affidavit states that "[n]ursing staff serving at the jail have no discretion to order specific treatments, medications, or diagnostic studies, as such treatments and interventions are beyond the scope of nursing practice." ECF No. 74, Exhibit A at 5. Only doctors and advanced practice providers like advanced practice nurses can do so. *Id.* Nurses such as the Nurse Defendants only note inmates' requests for treatment and

relay those requests to the inmate's treating physician or advanced practice provider, who determines the appropriate treatment. *Id.*

Defendant's evidence and Plaintiff's own evidence prove that Defendants have not refused to treat Plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct. *Domino*, 239 F.3d at 756. Instead, Plaintiff's claim seems only to be a disagreement with the medical treatment provided, because he wants a surgical evaluation in addition to the multiple evaluations and treatments that Defendants have already provided him. Such disagreement does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. The evidence before the Court at this time is therefore not sufficient for the undersigned to conclude that Plaintiff has a substantial likelihood of prevailing on the merits of his claim at trial.

**II.     Plaintiff has not demonstrated a substantial threat of irreparable harm if the injunction is not granted, because Plaintiff has not proven a link between the requested treatment and any threatened harm.**

The United States Court of Appeals for the Fifth Circuit has, in at least one recent case, found that a prisoner's allegations in a motion for a preliminary injunction established a risk of irreparable harm from deliberate indifference. *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759–60 (5th Cir. 2018). In *Jones,* the plaintiff alleged that he had suffered a stroke and a heart attack as a result of prison officials continually depriving him of necessary medical care for his diabetes, specifically, a prescribed low-sugar diet. *Id.* at 758–60. As a result, he was at risk of further strokes, heart attacks, and other life-threatening diabetic complications. *Id.* at 759–60. In *Jones*, the plaintiff's allegations were undisputed. *Id.* at 760.

In the instant Motion and Answers, Plaintiff avers that he is in constant pain, a disc in his spine is deforming, and he has lost most of the feeling in his left leg. ECF No. 56 at 3; No. 64. He argues that, if he were seen by another physician for a surgical evaluation, that physician "maybe

. . . could repair my spine and take me out of necessary pain." ECF No. 64. Unlike the defendants in the *Jones* case, Defendants here contest Plaintiff's evidence and arguments. They specifically argue that Plaintiff has presented no evidence that any healthcare provider has recommended surgery, nor any evidence that his condition is worsening. ECF No. 74 at 4–5. While Plaintiff has certainly provided his own sworn testimony that his condition is worsening, he has not provided evidence that this harm is irreparable or that a surgical evaluation would eliminate that harm. Therefore Plaintiff has not shown that there is a substantial threat of irreparable harm unless the Court grants his requested injunctive relief.

**III.     Plaintiff has shown the threatened injury outweighs any harm that the injunction might cause to Defendants, because Defendants have asserted no harm.**

For the third requirement for a preliminary injunction, Plaintiff must show that the threatened injury outweighs any harm that the injunction might cause to Defendants. *Opulent Life Church*, 697 F.3d at 288. Defendants have provided no evidence or argument that Plaintiff's requested surgical evaluation would cause them any harm. *See* ECF No. 74. Certainly, it is Plaintiff's burden to establish all elements of a preliminary injunction, and at the very least the cost of surgical evaluation may be a harm. Without any dispute from Defendants, however, and considering Plaintiff's Motion under the liberal construction given to *pro se* pleadings, the undersigned finds that Plaintiff has established this element.

**IV.     Plaintiff has not shown that the injunction will not disserve the public interest.**

"[I]n the prison context, a request for a preliminary injunction must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Because of the difficult and complex problems peculiar to the operation of a penal system, prison authorities are accorded

substantial deference in achieving [penological] goals." *Stockwell v. Kanan*, No. 4:10-CV-031-Y, 2010 WL 11545327, at *2 (N.D. Tex. May 4, 2010).

Defendants argue that Plaintiff's claim amounts to a wish "to unilaterally select the care and treatment he deems preferable." ECF No. 74 at 5. To allow inmates to choose their treatment would "invite enormous administrative difficulties, the incurrence of potentially needless transaction and money costs, and risk the elimination of medical judgment in favor of lay opinion." *Id.* at 5–6. Defendants' argument is well-taken, given judicial restraint in interference with prison administration, and Plaintiff has not made any argument to the contrary. He has therefore not shown that the requested relief would not disserve the public interest.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DENY** Plaintiff's Motion Seeking Emergency Relief (ECF No. 56).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed April 25, 2018.

                                                _____
                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE